**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 5, 2023

T. Brad Davey, Esquire
Mathew A. Golden, Esquire
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

Paul D. Brown, Esquire
Joseph B. Cicero, Esquire
Chipman Brown Cicero & Cole LLP
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801

Stephen B. Brauerman, Esquire
Bayard, P.A.
600 North King Street, Suite 400
Wilmington, Delaware 19801

> RE: *Sal Gilbertie, et al. v. Dale Riker, et al.*,
> C.A. No. 2020-1018-LWW

Dear Counsel:

I have reviewed the plaintiffs' Motion for Voluntary Dismissal of Claims With Prejudice (the "Motion"). The Motion presents the latest twist in a long-running dispute involving current and former officers of Teucrium Trading, LLC. The legal saga began in 2019 when defendant Dale Riker—Teucrium's former CEO—filed a books and records action in this court. It proceeded through threatened litigation in New York, the present action brought by Teucrium and certain of its officers against Riker and his spouse (Teucrium's former CFO), a

separate derivative action filed by Riker (that is now consolidated with this action), and an advancement action.[1]

In this plenary suit, I have issued rulings on a motion to dismiss the complaint,[2] a motion to dismiss counterclaims,[3] a motion for reconsideration,[4] and a motion to dismiss amended counterclaims.[5]  A subset of claims against Riker and certain counterclaims remain.  In the advancement action, I recently resolved cross-motions for summary judgment in favor of the Rikers.[6]  That decision led the plaintiffs to have a change of heart.  They now seek to "dismiss their claims with prejudice, without conditions, and without impacting Mr. Riker's remaining two counterclaims."[7]

---

[1] *See* C.A. No. 2019-0314-AGB (Del. Ch.); C.A. No. 2021-0561-LWW (Del. Ch.); C.A. No. 2022-1030-LWW (Del. Ch.).  For clarity, I refer to Dale Riker as "Riker" and to Dale and Barbara Riker together as the "Rikers."

[2] Dkts. 71, 74.

[3] Dkts. 115, 116.

[4] Dkt. 123.

[5] Dkts. 137, 146, 147.

[6] C.A. No. 2022-1030-LWW (Del. Ch. June 13, 2023) (TRANSCRIPT).  An interlocutory appeal of that ruling was refused.  *See* C.A. No. 2022-1030-LWW, Dkts. 56, 59.

[7] Pls.' Mot. for Voluntary Dismissal with Prejudice (Dkt. 156) ¶ 7.

The Rikers, however, oppose the Motion unless I impose a series of conditions that largely relate to the advancement action.[8]  They ask that any order granting the Motion also: (1) order Teucrium to advance the Rikers' fees; (2) order the plaintiffs, jointly and severally, to pay fees incurred from any re-do of discovery necessitated by the dismissal; and (3) hold that the Rikers are "deemed wholly successful on the merits or otherwise with respect to the claims asserted against them in this action."[9]

Court of Chancery Rule 41(a)(2) provides for voluntary dismissal with court approval:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions *as the Court deems proper*.  If a counterclaim has been pleaded by a defendant prior to the service upon defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendants' objection unless the counterclaim can remain pending for independent adjudication by the Court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.[10]

None of the conditions proposed by the Rikers are proper.

---

[8] Rikers' Resp. to Pls.' Mot. for Voluntary Dismissal with Prejudice (Dkt. 158) ("Rikers' Resp.") ¶ 9.

[9] *Id.* ¶¶ 10, 17, 20; [Proposed] Order Conditionally Granting Pls.' Mot. for Voluntary Dismissal of Claims with Prejudice (Dkt. 158).

[10] Ct. Ch. R. 41(a)(2) (emphasis added); *see also In re Marriott Hotel Props. II Ltd. P'ship Unitholders Litig.*, 1997 WL 589028, at *6 (Del. Ch. Sept. 17, 1997) (explaining that a motion under Rule 41(a)(2) is "directed to the sound discretion of the Court").

First, the advancement action is (obviously) a separate matter. If Teucrium is in violation of my summary judgment ruling, then the Rikers can seek appropriate relief in that proceeding. They have not done so.

Second, I decline to order the plaintiffs to bear joint and several liability for Riker's discovery costs as a condition to dismissal. One would expect that the scope of discovery would narrow with the dismissal of the plaintiffs' remaining claims. Riker asserts that granting the Motion shortly before the deadline to substantially complete document production is prejudicial because he will need to proceed by filing subpoenas rather than under previously served document requests.[11] But Teucrium's advancement obligations and the *Fitracks* procedure I imposed in the advancement action can resolve the payment of any such discovery costs.

Third, it would be inappropriate to provide an advisory opinion on whether the Rikers have been successful in this action. The Rikers admittedly seek to "streamline [their] eventual indemnification request."[12] But they must raise whether they are entitled to indemnification at the appropriate time, in the appropriate action.

Indeed, none of the Rikers' arguments amount to "plain legal prejudice."[13] In assessing whether a defendant faces such prejudice, the court considers "(1) the

---

[11] Rikers' Resp. ¶ 18.

[12] *Id.* ¶ 10.

[13] *Draper v. Gardner Defined Plan Tr.*, 625 A.2d 859, 863 (Del. 1993).

defendant['s] effort and expense in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) [if] a motion for summary judgment has been filed by the defendant."[14]  The Rikers have not meaningfully argued that they can establish any of these factors.

Nor could they.  The plaintiffs have committed not to refile their claims elsewhere.[15]  There is no effort by the plaintiffs to dismiss this action in favor of a different action.  And Riker's counterclaims remain pending for adjudication by this court, with all defenses preserved.  As to matters concerning advancement, the Rikers' separate action remains pending.

Accordingly, the Motion will be granted without condition, pursuant to a separate order.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[14] *Id.* at 864.

[15] *Cf. West v. Access Control Related Enters., LLC*, 296 A.3d 378, 386-87 (Del. 2023) (affirming the denial of a motion for voluntary dismissal where substantial trial preparation had occurred in Delaware and claims would be dismissed with prejudice and potentially refiled elsewhere).